UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH PAYNE,

                        Plaintiff,

   v.                                                 **DECISION AND ORDER**
                                                            14-CV-584S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

      1.      Plaintiff Joseph Payne challenges an Administrative Law Judge's ("ALJ") decision dated April 8, 2013, wherein the ALJ determined that Plaintiff was not disabled under sections 1614(a)(3)(A) of the Social Security Act. He now contends that this determination is not based upon substantial evidence, and reversal is warranted.

      2.      Plaintiff initially filed an application for disability insurance benefits and supplemental security income on November 30, 2009, alleging a disability beginning on January 1, 1986, which was later amended to November 30, 2009. The claim for disability insurance benefits was later withdrawn, and the application was denied with respect to supplemental security income on June 23, 2010. Plaintiff was granted a hearing, following which the application was again denied by the ALJ. The matter was then remanded back to the ALJ by the Appeals Council on October 17, 2012, for the development of several issues. An additional hearing was held before the ALJ on March 7, 2013, at which Plaintiff and a vocational expert testified. The ALJ again found that Plaintiff was not disabled within the meaning of the Social Security Act, and the Appeals Council denied Plaintiff's request for review on May 23, 2014, rendering the ALJ's determination the final decision of the Commissioner. Plaintiff filed the instant action on July 18, 2014.

      3.      Plaintiff and the Commissioner each filed a Motion for Judgment on the

Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (internal quotation marks and citation omitted). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), *cert denied*, 459 U.S. 1212 (1983).

5. To determine whether the ALJ's findings are supported by substantial evidence, "a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference,

and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the

claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460-61, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since November 30, 2009, his application date (R. 15);[1] (2) Plaintiff had the following severe impairments: mild to moderate anxiety and dpression, and schizophrenia (R. 15); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled a recognized disabling impairment under the regulations (R. 15-16); (4) Plaintiff had the residual functional capacity ("RFC") to perform work at all exertional levels but with the following nonexertional limitations: he could perform only unskilled work in a low contact, low stress environment (R. 16-24); and (5) Plaintiff had no past relevant work, but three were nonetheless jobs that existed in significant numbers in the national economy that Plaintiff could perform. (R. 24-25.)

10. Plaintiff contends that the Appeals Council erred in failing to remand this matter to the ALJ for consideration of new evidence submitted to the Council following the ALJ's determination. This Court disagrees. The new evidence consists of a July 16, 2013 letter from Plaintiff's treating psychiatrist, Dr. Gupta, which states that Plaintiff "has a long history of schizophrenia characterized by positive symptoms (delusions and hallucinations) and negative symptoms (flat affect). As a result of this debilitating illness, he is

---

[1] Citations to the underlying administrative record are designated as "R."

permanently unable to be employed." (R. 590.) This statement that Plaintiff is permanently disabled, which is unsupported by any further detail, is not a "medical opinion" entitled to any special significance, but is instead a determination within the purview of the Commissioner. 20 C.F.R. § 416.927(d)(1); Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999). Further, the ALJ had and considered Plaintiff's treatment records from Dr. Gupta that would have provided the foundation, if any, for this conclusion, and expressly noted that several of this psychiatrist's findings were inconsistent with Plaintiff's claimed disability. (R. 22-23 ("Dr. Gupta's reports do not support a finding of disability in this case"); see 442, 446, 447 (Dr. Gupta noted that Plaintiff had no delusions or auditory or visual hallucinations), 447 (Plaintiff stable on medications).)

11. Plaintiff's second argument must be rejected for a similar failing. Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence because the ALJ failed to consider Plaintiff's inability to work on a regular and consistent basis. However, to the extent that Plaintiff relies on the conclusory assertions of Plaintiff's disabled status provided by Dr. Gupta and another treating psychiatrist, Dr. Tan, the ALJ correctly noted that, as discussed above, such conclusions are reserved to the Commissioner. (R. 21.) Further, the ALJ did consider the symptoms cited by Plaintiff in his brief, which are largely supported by Plaintiff's own testimony and self-reports, but found that the allegations regarding the existence or limiting effects of these symptoms were not credible. The ALJ provided a detailed analysis of his reasoning for not crediting much of Plaintiff's testimony and allegations, particularly noting (among other things) the consistent reports by consultative and treating examiners of Plaintiff's malingering, lack of cooperation in medical evaluations, and exaggeration of his symptoms due to concerns regarding his social security application. (R. 18-21, 298-300, 304-306, 433, 437.) Because the ALJ

5

identified the specific record-based reasons for his ruling, this Court will not second-guess the credibility evaluation. Stanton v. Astrue, 370 F. App'x 231, 234 (2d Cir. 2010) (citing SSR 96-7p, 61 Fed. Reg. 34,483 at 34,486 (1996)); see also Selian v. Astrue, 708 F.3d 409, 420 (2d Cir. 2013); Aponte v. Sec'y, Dep't of Health and Human Servs., 728 F.2d 588, 591 (2d Cir. 1984).

12. Having considered Plaintiff's challenges, this Court is satisfied that the ALJ committed no reversible error, and that his decision is based on substantial evidence. Defendant's Motion for Judgment on the Pleadings is therefore granted and Plaintiff's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is DENIED;

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 12) is GRANTED;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: September 7, 2015
Buffalo, New York

                                                         William M. Skretny
                                                         WILLIAM M. SKRETNY
                                                         United States District Judge